# Exhibit Y

```
 1            IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TEXAS
 2                 SAN ANTONIO DIVISION
 3
    LAURA GARRETT and MICHAEL    *
 4  GARRETT, SR., individually   *
    and as representatives of    *
 5  the Estate of Michael        *
    Garrett, Jr., Deceased,      *
 6       Plaintiffs,             *
                                 *
 7  VS.                          *
                                 *
 8  COMAL COUNTY; MARK W.        *   Case No.
    REYNOLDS, individually and   *   5:21-CV-00803-JKP-RBF
 9  as the Comal County Sheriff;*
    OFFICER ORLANDO MENDOZA;     *
10  OFFICER ERIK ROMO; OFFICER   *
    GONZALEZ; OFFICER OZUNA;     *
11  EMT ERICA ROSALES; and       *
    SERGEANT THOMAS GARZARECK,   *
12       Defendants.             *
13
14
15     ******************************************
16          ORAL AND VIDEOTAPED DEPOSITION OF
17                  STACY SINNER
18               FEBRUARY 15, 2023
19               (Reported Remotely)
20     ******************************************
21
22
23
24
25
                                          Page 1
```

1                    ORAL AND VIDEOTAPED DEPOSITION OF STACY

2      SINNER, produced as a witness at the instance of the

3      Comal County defendants and duly sworn, was taken via

4      videoconference in the above-styled and numbered cause

5      on the 15th day of February, 2023, from 8:58 a.m. to

6      12:00 p.m., before Marsha Yarberry, Certified Shorthand

7      Reporter in and for the State of Texas, reported by

8      machine shorthand, in Kasson, Minnesota, pursuant to

9      the Federal Rules of Civil Procedure and the provisions

10     stated on the record.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                     Page  2

```
 1              APPEARANCES (VIA VIDEOCONFERENCE)
 2

 3
    FOR THE PLAINTIFFS:
 4
        Mr. Tim Maloney
 5      THE LAW OFFICES OF MALONEY & CAMPOLO
        926 South Alamo Street
 6      San Antonio, Texas  78205
        tmaloney@maloneyandcampolo.com
 7
 8  FOR THE DEFENDANTS COMAL COUNTY; MARK W. REYNOLDS,
    INDIVIDUALLY AND AS THE COMAL COUNTY SHERIFF;
 9  CORRECTIONS OFFICER ORLANDO MENDOZA; CORRECTIONS
    OFFICER ERIK ROMO; CORRECTIONS OFFICER ALBERTO
10  GONZALEZ; CORRECTIONS OFFICER ASHLEY OZUNA; AND
    CORRECTIONS SERGEANT THOMAS GARZARECK:
11
        Mr. Michael Shaunessy
12      MCGINNIS LOCHRIDGE LLP
        1111 West 6th Street, Suite 400
13      Austin, Texas  78703
        mshaunessy@mcginnislaw.com
14
15  FOR THE DEFENDANT EMT ERICA ROSALES:
16      Mr. Christopher G. Rigler
        THOMPSON, COE, COUSINS & IRONS, LLP
17      700 North Pearl Street, 25th Floor
        Dallas, Texas  75201
18      crigler@thompsoncoe.com
19
    ALSO PRESENT:
20
        Ms. Claudia Martinez, Paralegal
21      Ms. Megan King, Videographer
22
23
24
25

                                         Page  3
```

```
 1                          INDEX
                                                   PAGE
 2
    Appearances...................................    3
 3
    STACY SINNER
 4
        Examination by Mr. Shaunessy...............    5
 5      Examination by Mr. Rigler..................   64
        Examination by Mr. Maloney.................   69
 6      Further Examination by Mr. Shaunessy.......  107
        Further Examination by Mr. Rigler..........  111
 7      Further Examination by Mr. Maloney.........  114
 8  Reporter's Certificate........................  116
 9
10                        EXHIBITS
11
    NO. DESCRIPTION                    PAGE/LINE REFERENCED
12
13  Exhibit 1.....................................   39/3
        Instructions for Suicide and
14      Medical/Mental/Developmental Impairments
        Form
15
    Exhibit 2.....................................   41/8
16      Intake Receiving and Screening (Texas)
17  Exhibit 3.....................................   46/14
        Report of Investigation, 20 pages
18
    Exhibit  3 ...................................   84/11
19      Report of Investigation, 15 pages
20  Exhibit 4.....................................   84/11
        Video
21
    Exhibit 5..................................... 100/13
22      Video
23  Exhibit 6..................................... 104/25
        Comal County Jail Additional Narrative
24
25
                                              Page  4
```

1                THE VIDEOGRAPHER:  Good morning.  We are

2    on the record at 8:58 a.m. on February 15th, 2023.

3    This is the deposition of Stacy Sinner in the matter of

4    Laura Garrett, et al., versus Comal County, et al.,

5    filed in the Western District of Texas, San Antonio

6    Division, Case No. 5:21-CV-00803-JKP-RBF.  This

7    deposition is being conducted remotely.

8                At this time, Counsel, please state your

9    appearances for the record beginning with the noticing

10   attorney.

11               MR. SHAUNESSY:  Michael Shaunessy for the

12   Comal County defendants.

13               MR. RIGLER:  Christopher Rigler for EMT

14   Erica Rosales.

15               MR. MALONEY:  Tim Maloney for Plaintiff

16   Garrett.

17                    (Witness sworn)

18                    STACY SINNER,

19   having been first duly sworn, testified as follows:

20                    EXAMINATION

21   QUESTIONS BY MR. SHAUNESSY:

22      Q.   Ms. Sinner, you've been retained as an expert

23   in the lawsuit we refer to as Garrett versus Comal

24   County.

25      A.   Yes, sir.

Page 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18     Q.   Well, the symptoms of anxiety include feeling

19  nervous, restless, and tense, correct?

20     A.   Yes.

21     Q.   Okay.  Another symptom of anxiety is increased

22  heart rate, correct?

23     A.   I think that's probably true, but again that's

24  outside my expertise.

25     Q.   Okay.  In connection with your training as a

Page 24

1    corrections officer you weren't trained as to the

2    symptoms of anxiety?

3        A.    Yes.

4        Q.    You were?

5        A.    Yes.

6        Q.    Okay.  And you just don't remember if

7    increased heart rate was a symptom of anxiety that you

8    were trained on, correct?

9        A.    What I'm saying as a correctional officer is

10   that the correctional officer probably wouldn't check

11   the heart rate.  That would be done by a medical

12   person.  So it wouldn't be one of the things that a

13   correctional officer would use necessarily to determine

14   that because they wouldn't do it.

15       Q.    And if a medical person took the -- took the

16   person's heart rate and said it was elevated, that

17   would be consistent with a symptom of anxiety; is that

18   correct?

19       A.    Could be.

20       Q.    Okay.

21       A.    Could be a symptom of a lot of things, so --

22       Q.    Rapid breathing and respiratory distress can

23   be a symptom of anxiety, correct?

24

25                THE WITNESS:  I think so.  Uh-huh.

                                                Page 25

1       Q.    (By Mr. Shaunessy)   Sweating can be a symptom

2    of anxiety, correct?

3       A.    I don't know.

4       Q.    It can't be?

5       A.    I don't know the answer to that question.

6       Q.    Is trembling a symptom of anxiety?

7       A.    I also don't know the answer to that question.

8       Q.    Trouble concentrating or responding to

9    questions, is that a symptom of anxiety?

10      A.    I think that can be true, yes.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Veritext Legal Solutions
800-336-4000

```
 1
 2
 3
 4
 5
 6
 7
 8
 9        Q.   (By Mr. Shaunessy)  At the time that
10   Mr. Garrett refuses to answer the questions the
11   officers don't know if he's taken drugs or not,
12   correct?
13        A.   So I would say that, again, I don't know that
14   he refused to answer the questions.  He may have been
15   unable to answer the questions.  And, yes, it's true
16   that they don't know for certain that he has taken
17   drugs, but there is some evidence that should alert
18   them to the fact that it's a possibility.
19
20        Q.   (By Mr. Shaunessy)  They don't know whether
21   he's taken drugs at the time, correct?
22
23                  THE WITNESS:  Correct.
24
25
```

Page 40

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24     Q.   Okay.   So it would be certainly pertinent for

25   the staff at the Comal County Jail to consider that

Page 46

1    what they are seeing could be symptoms of anxiety,

2    correct?

3

4              THE WITNESS:  So some of what they could

5    see, yes, could be symptoms of anxiety.  And I would

6    just say that they're not mutually exclusive.  So a

7    person could have anxiety and also be under the

8    influence of drugs and also and also, so it's not just

9    a singular thing.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 47

1

2

3

4

5

6

7        Q.   One of the -- let me ask you, do you have --

8    you haven't issued any opinions on it, but do you have

9    any concerns with the use of force in this case from

10   what you've seen?

11       A.   No.  Not the techniques.  Again, I would -- I

12   would just say that the whole incident should have been

13   backed up to -- for -- certainly to Exhibit J where in

14   my opinion he should have -- they should have been

15   seeking medical attention for him, emergency medical

16   attention.  But, no, there's nothing wrong with their

17   techniques, and I don't suggest any nefarious intent.

18

19

20

21

22

23

24

25

Veritext Legal Solutions
800-336-4000

```
 1

 2

 3

 4       Q.   With respect to the individual defendants in

 5   this case, do you know of any evidence that any of --

 6   any of them subjectively believed that Mr. Garrett was

 7   in what you call a medical emergency?

 8       A.   I don't know.

 9       Q.   And you can't testify to that.

10       A.   I cannot.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 56

1      Q.    You reviewed the medical records, correct?

2      A.    Yes.

3      Q.    You reviewed deposition testimony, correct?

4      A.    Yes.

5      Q.    In any of those materials did you see any

6   evidence that Mr. Garrett requested to see a doctor?

7      A.    No.

8      Q.    In any of those materials did you see any

9   evidence that Mr. Garrett requested to see a nurse?

10     A.    No.

11     Q.    In any of those -- in any of that evidence did

12   you -- did you see Mr. Garrett request an EMT?

13     A.    No.

14     Q.    In all that evidence and everything that

15   you've reviewed have you seen anything that showed that

16   Mr. Garrett requested to go to the hospital?

17     A.    No.

18     Q.    In any of the evidence that you've reviewed in

19   connection with this case did you see Mr. Garrett

20   request to receive medical care?

21     A.    No.

22     Q.    You would agree with me that Mr. Garrett never

23   requested medical care and was then denied it, correct?

24     A.    Correct.

25     Q.    All right.  In fact, you would agree with me

Page 65

```
 1    also that the evidence you reviewed shows that when
 2    medical care was attempted, such as taking vital signs,
 3    Mr. Garrett refused that care, correct?
 4         A.   I don't know that I'd agree with that
 5    necessarily.  I don't know that he was in a position to
 6    refuse.
 7
 8         Q.   (By Mr. Rigler)  Did he ever -- let me ask the
 9    question again.
10              You would agree with me that the evidence
11    you reviewed shows that when medical care was
12    attempted, such as taking vital signs, Mr. Garrett
13    refused the care verbally, correct?
14         A.   He did refuse the care in some cases, yes.
15         Q.   Okay.  For instance, when they tried to take
16    his vital signs he refused care, correct?
17         A.   He indicated no.
18         Q.   That's a refusal, isn't it?
19         A.   Yes.
20         Q.   All right.  When -- counsel referenced this
21    earlier.  When there was attempt to assist him with a
22    scratch on his left eye, he refused medical care,
23    correct?
24         A.   Yes.
25         Q.   And then also EMT Rosales noted that she had
```

Page 66

1   offered to clean his lacerations and he refused medical

2   care in that instance too, correct?

3       A.   Yes.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TEXAS
 2                     SAN ANTONIO DIVISION
 3
    LAURA GARRETT and MICHAEL     *
 4  GARRETT, SR., individually    *
    and as representatives of      *
 5  the Estate of Michael          *
    Garrett, Jr., Deceased,        *
 6       Plaintiffs,               *
                                   *
 7  VS.                            *
                                   *
 8  COMAL COUNTY; MARK W.          *    Case No.
    REYNOLDS, individually and     *    5:21-CV-00803-JKP-RBF
 9  as the Comal County Sheriff;   *
    OFFICER ORLANDO MENDOZA;       *
10  OFFICER ERIK ROMO; OFFICER     *
    GONZALEZ; OFFICER OZUNA;       *
11  EMT ERICA ROSALES; and         *
    SERGEANT THOMAS GARZARECK,     *
12       Defendants.               *
13
            *****************************************
14               REPORTER'S CERTIFICATION
                DEPOSITION OF STACY SINNER
15                 FEBRUARY 15, 2023
            *****************************************
16
17        I, Marsha Yarberry, Certified Shorthand
18  Reporter in and for the State of Texas, hereby certify
19  to the following:
20        That the witness, STACY SINNER, was duly sworn
21  by the officer and that the transcript of the oral
22  deposition is a true record of the testimony given by
23  the witness.
24        I further certify that pursuant to FRCP
25  Rule 30(f)(1) that the signature of the deponent:
```

Page 116

1              _____ was requested by the deponent or a

2    party before the completion of the deposition and is to

3    be returned within 30 days from date of receipt of the

4    transcript.  If returned, the attached Changes and

5    Signature pages contain any changes and the reasons

6    therefor;

7              __xx__ was not requested by the deponent or a

8    party before the completion of the deposition.

9              I further certify that the amount of time used

10   by each party at the deposition is as follows:

11              Mr. Michael A. Shaunessy - 1 hour, 35 minutes

12              Mr. Christopher G. Rigler - 6 minutes

13              Mr. Tim Maloney - 54 minutes.

14              I further certify that I am neither counsel

15   for, related to, nor employed by any of the parties or

16   attorneys in the action in which this proceeding was

17   taken.  Further, I am not a relative or employee of any

18   attorney of record, nor am I financially or otherwise

19   interested in the outcome of the action.

20              Subscribed and sworn to on this the 17th day

21   of February, 2023.

22                        <%signature%>

                          MARSHA YARBERRY, TEXAS CSR

23                        Veritext Legal Solutions

                          Firm Registration No. 571

24                        300 Throckmorton, Suite 1600

                          Fort Worth, Texas  76102

25                        800-336-4000

                                              Page 117

```
 1   Garrett, Laura, Et Al v. Comal County, Et Al

 2   Stacy Sinner Job No. 5665885

 3                    E R R A T A   S H E E T

 4   PAGE_____ LINE_____ CHANGE_____

 5   _____

 6   REASON_____

 7   PAGE_____ LINE_____ CHANGE_____

 8   _____

 9   REASON_____

10   PAGE_____ LINE_____ CHANGE_____

11   _____

12   REASON_____

13   PAGE_____ LINE_____ CHANGE_____

14   _____

15   REASON_____

16   PAGE_____ LINE_____ CHANGE_____

17   _____

18   REASON_____

19   PAGE_____ LINE_____ CHANGE_____

20   _____

21   REASON_____

22

23   _____      _____

24   Stacy Sinner                                   Date

25
```

Page 118

```
 1   Garrett, Laura, Et Al v. Comal County, Et Al

 2   Stacy Sinner 5665885

 3                ACKNOWLEDGEMENT OF DEPONENT

 4      I, Stacy Sinner, do hereby declare that I

 5   have read the foregoing transcript, I have made any

 6   corrections, additions, or changes I deemed necessary as

 7   noted above to be appended hereto, and that the same is

 8   a true, correct and complete transcript of the testimony

 9   given by me.

10

11   _____    _____

12   Stacy Sinner                      Date

13   *If notary is required

14                     SUBSCRIBED AND SWORN TO BEFORE ME THIS

15                     _____ DAY OF _____, 20____.

16

17

18                     _____

19                     NOTARY PUBLIC

20

21

22

23

24

25

                                            Page 119
```